**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Barry J. Roy
Justin S. Baumgartner
Special Counsel for Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>GARRY WRIGHT,<br><br>Debtor. | Case No. 25-17258 (JKS)<br><br>Chapter 7<br><br>Honorable John K. Sherwood |
| DAVID WOLFF, Chapter 7 Trustee for Garry Wright,<br><br>Plaintiff,<br><br>v.<br><br>MARY KATE WRIGHT,<br><br>Defendant. | Adv. Pro. No. 25- |

**COMPLAINT TO AVOID FRAUDULENT TRANSFER**
**OF REAL PROPERTY AND FOR OTHER RELATED RELIEF**

**DAVID WOLFF**, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Garry Wright (the "Debtor"), by and through special counsel, by way of Complaint against Mary K. Wright (the "Defendant"), seeks to avoid a fraudulent conveyance and for other related relief, all as set forth below, and respectfully shows and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334(b). Venue is properly laid in this district pursuant to 28 U.S.C. § 1409(a).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), (N), and (O). The applicable statutory bases for the claims asserted herein include, but is not limited to, 11 U.S.C. §§ 105, 363(h), 544 and applicable state law.

## PARTIES

3. On July 10, 2025 (the "Petition Date"), the Debtor caused to be filed a bankruptcy proceeding pursuant to the provisions of Chapter 7 of the United States Bankruptcy Code.

4. On July 10, 2025, the Trustee was appointed to serve as trustee in the Debtor's Chapter 7 bankruptcy case. The Trustee continues to serve as Chapter 7 Trustee of the Debtor's bankruptcy estate.

5. The Trustee maintains an office for the practice of law located at 750 Route 34, Suite 11, Matawan, New Jersey.

6. At all times relevant hereto, the Defendant has been married to the Debtor.

7. The Defendant resides at a home located at 26 Crescent Drive, Ringwood, New Jersey (the "Property").

## RELEVANT FACTS

8. On December 16, 2004, the Debtor purchased the Property from David and Nicole Jackson for $970,000.

9. On March 20, 2015, the Debtor conveyed a 50% interest in the Property to the Defendant for $1.00 (the "Transfer"). In fact, the Debtor received no value for the Transfer.

10. Upon information and belief, at the time of the Transfer there was significant equity in the Property.

11. According to the Debtor's bankruptcy petition, the Property is encumbered by mortgages in favor of HSBC Bank USA in the approximate amount of $564,111.

12. Upon information and belief, the Property is currently worth approximately $1,275,000.

13. According to the Debtor's petition, during the couple's marriage, the Debtor received a significant salary, earning as much as $400,000 in 2023.

14. The Defendant's annual income, at all times relevant hereto, was substantially lower than the Debtor's, according to her filed pleadings.

15. Upon information and belief, at all relevant times hereto, the Debtor has paid the vast majority of the Property's carrying costs, including mortgage, taxes, insurance, utilities and maintenance.

16. In the summer of 2025, the Trustee offered to resolve the estate's claim with Defendant's counsel to avoid costly litigation concerning the Transfer and the property's significant net equity. The options included a financial settlement or a consensual sale of the Property.

17. From that time, the Defendant, through counsel, had consistently indicated a willingness to reach a consensual resolution, rather than force the Trustee file this adversary proceeding.

18. Unfortunately, the Defendant, through counsel, recently rejected all options to reach a consensual resolution.

19. Due to the Defendant's failure to negotiate a reasonable resolution with the Trustee, the Trustee had to retain Rabinowitz, Lubetkin & Tully, LLC as special counsel to litigate the Transfer and the issue of the net equity in the Property.

20. Additionally, the delay caused by Defendant's failure to agree to a reasonable resolution in a timely fashion has resulted in unnecessary administrative expense to the detriment of the bankruptcy estate.

## COUNT I
**(Approval to Sell Defendant's 50% interest in the Property Pursuant to 11 U.S.C. § 363(h))**

21. The Trustee repeats and realleges each and every allegation set forth above as if repeated herein at length.

22. Pursuant to 11 U.S.C. § 363(h), a trustee may sell both a debtor's interest and the interest of any co-owner in property the debtor had, at the time of the commencement of the case, an interest as a tenant in common, joint tenant, or tenancy by the entirety if: (1) partition in kind of such property among the estate and such co-owners is impracticable, (2) sale of the estate's undivided interest in such property would realize significantly less than sale of such property free of the interests of the co-owner, (3) the benefit to the estate of a sale of such property free of the interest of the co-owner outweighs the detriment to such co-owner, and (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

23. The bankruptcy estate has, at minimum, a 50% interest in the Property.

24. Sale of only the bankruptcy estate's 50% interest in the Property would realize significantly less for the bankruptcy estate than the sale of the Property free of the Defendant's 50% interest.

25. The benefit to the bankruptcy estate from the sale of the Property outweighs any detriment to the Defendant, as the Property is the only significant asset in the bankruptcy estate.

26. The Property is not used in the production, transmission or sale of electric energy or of natural or synthetic gas for heat, light or power.

27. The Trustee previously offered the Defendant the option to purchase the bankruptcy estate's net equity in the Property and/or refinance the Property, but as set forth above, the Defendant has failed to do so over an extended period of time.

28. Pursuant to 11 U.S.C. § 363(j), after the sale of property to which subsection (h) applies, a trustee shall distribute to the debtor's co-owner of such property the proceeds of such sale, less the costs and expenses of such sale, not including any compensation of the trustee, of such sale, according to the interests of such co-owner and of the estate.

**WHEREFORE**, the Trustee requests approval under 11 U.S.C. § 363(h) to sell the Property free of the interest of the Defendant and to distribute the proceeds from the sale in accordance with the United States Bankruptcy Code, and for such other relief as this Court deems fair and just.

### COUNT II
### (Unjust Enrichment 11 U.S.C. § 105(a))

29. The Trustee repeats and realleges each and every allegation set forth above as if repeated herein at length.

30. This is an action for unjust enrichment.

31. The Transfer was a transfer of property of the Debtor.

32. The Debtor conferred a benefit on the Defendant by transferring a 50% interest in the Property to the Defendant.

33. The Defendant knowingly and voluntarily accepted and retained the benefits conferred by the Debtor.

34. The Defendant has been unjustly enriched at the expense of the Debtor's bankruptcy estate.

35. The circumstances are such that it would be inequitable and unjust for the Defendant to retain a 50% interest in the Property conferred by the Debtor without paying the Trustee and the Debtor's bankruptcy estate the actual value of the benefit conferred.

36. The Trustee is entitled to a reasonable return of the significant value of the Transfer.

5

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant on Count II of the Complaint, as follows:

    (a)    For damages;

    (b)    Allowable pre-judgment and post-judgment interest;

    (c)    Allowable attorneys' fees and costs; and

    (d)    Granting such other and further relief that the Court deems just and equitable.

RABINOWITZ, LUBETKIN & TULLY, LLC
*Special Counsel to Chapter 7 Trustee*

By: _____
BARRY J. ROY

Dated: November 4, 2025